UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FCA US LLC, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| The International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW) and UAW Local 422, | *  Civil Action No. 1:24-cv-12557-IT |
| | * |
| Defendants. | * |

MEMORANDUM & ORDER

January 28, 2025

TALWANI, D.J.

Before the court is Defendants The International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW") and UAW Local 422's Motion to Transfer Action [Doc. No. 15] ("Defendants' Motion to Transfer"), in which Defendants seek to transfer this action to the Central District of California pursuant to 28 U.S.C. § 1404, or, in the alternative, to dismiss or stay this action pending the outcome of FCA US LLC v. International Union, United Automobile, Aerospace and Agricultural Workers of America (UAW) and UAW Local 230, C.D. Cal. Case No. 5:24-cv-02123-KK. Also pending before the court is Plaintiff FCA US LLC's ("Stellantis") Motion to Stay Proceedings [Doc. No. 20] ("Plaintiff's Motion to Stay"), in which Plaintiff seeks to stay all proceedings in this action (including a decision on Defendants' Motion to Transfer), see Pl.'s Mem. ISO Mot. to Stay ("Pl.'s Stay Mem.") at 9 [Doc. No. 22], pending a decision by the Judicial Panel on Multidistrict Litigation ("Panel") on Plaintiff's motion to transfer this and other actions to the Eastern District of Michigan for

consolidation or coordinated pretrial proceedings pursuant to 28 U.S.C. § 1407 ("Plaintiff's § 1407 Transfer Motion").

I. Plaintiff's Motion to Stay

The court begins with Plaintiff's Motion to Stay [Doc. No. 20]. Plaintiff reports that it "filed substantially similar lawsuits against International UAW, as well as relevant local unions, in this Court and in eleven other jurisdictions[.]" Pl.'s Stay Mem. at 2 [Doc. No. 22].[1] Plaintiff filed each action separately "because it could only file in forums that would possess personal jurisdiction over the local union defendants." Id. at 2-3. In each of these actions, Defendants filed a motion to transfer the action to the Central District of California. Id. at 3 & n.1. Plaintiff then filed its § 1407 Transfer Motion with the Panel. Id. at 5.

Plaintiff asserts that stays while a motion to transfer is pending before the Panel are routine. Id. at 5. But, as the Panel Chair expressly directed in letters to the involved judges, the Panel has given the parties an opportunity to brief fully the question of transfer and to have a hearing at its bimonthly hearing session, and "in the meantime, [the involved judges'] jurisdiction continues until transfer to an MDL – if the Panel so orders – becomes effective." Letter from Chair of the Panel – to Involved Judges, IN RE: FCA US LLC Letter 311 Labor Contract Litigation, MDL No. 3142 (Dec. 12, 2024); see also JPML Rule 2.1(d) ("The pendency of a motion . . . before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court.").

---

[1] In addition to this District and the Central District of California, Stellantis filed cases in the District of Arizona, District of Colorado, District of Minnesota, District of Oregon, Eastern District of Michigan, Northern District of Georgia, Northern District of Illinois, Northern District of Ohio, Northern District of Texas, and Southern District of Indiana. Id. at 3 n.1.

Plaintiff argues that Defendants would not be prejudiced by a stay because they "concede that centralization is appropriate (though they disagree on the appropriate venue), so awaiting the [Panel's] determination is aligned with Defendants' interests." Pl.'s Stay Mem. at 6 [Doc. No. 22]. Plaintiff argues further that there is no prejudice to Defendants because they "have already indicated their willingness to stay all pretrial discovery deadlines in this case and the other actions (other than consideration of [the UAW's] Rule 12(c) motion in the Central District of California and venue motions)." Id. But to suggest that these facts show a lack of prejudice ignores Defendants' interest in the matters reserved: the local union's right to choose when to waive venue and a speedy determination on a potentially dispositive matter that is fully briefed in the Central District of California.

Plaintiff asserts further that it would be prejudiced absent a stay because it can obtain consolidation only by the § 1407 Transfer Motion to the Panel as the various local unions have refused to consent to personal jurisdiction in the Eastern District of Michigan and, while awaiting potential consolidation by the Panel, Plaintiff faces the risk of conflicting rulings on Defendants' motions to transfer the actions to the Central District of California. See Pl.'s Stay Mem. at 7-8 [Doc. No 22]. But Plaintiff has not shown how the various courts' consideration of a transfer pursuant to § 1404 would cause Plaintiff prejudice. If a court grants Defendants' motion, Plaintiff will have one fewer forum in which it may need to litigate a motion for judgment on the pleadings pending a decision by the Panel.[2] And if a court denies Defendants' motion, Plaintiff can avoid the risk of conflicting rulings on anticipated motions for judgment on the pleadings by agreeing to consolidation in the Central District of California, pending a decision by the Panel.

---

[2] Plaintiff reports that Defendants have agreed to a stay of all other proceedings other than a transfer motion and motion for judgment on the pleadings. Pl.'s Stay Mem. at 6 [Doc. No. 22].

3

The parties also dispute the likelihood that the Panel will grant Plaintiff's § 1407 Transfer Motion and Plaintiff argues that because three district courts have entered stays pending the Panel's decision on that motion, Defendants' pending motion for judgment on the pleadings in the Central District of California "cannot eliminate this dispute's multidistrict character, regardless of how this Court and the other courts rule on [Defendants' transfer] motions." Pl.'s Reply ISO Mot. to Stay at 3 [Doc. No. 29]. But these arguments miss the point. The question of whether the Panel should consolidate these proceedings is before the Panel, and not the district courts. In the meantime, while a § 1407 Transfer Motion is pending before the Panel, the district courts are expected to proceed in the usual course.

In sum, the court finds no grounds to enter a stay of proceedings while the Panel is considering Plaintiff's § 1407 Transfer Motion. Accordingly, Plaintiff's <u>Motion to Stay Proceedings</u> [Doc. No. 20] is DENIED.

II.    <u>Defendants' Motion to Transfer</u>

Defendants seek to transfer this action to the Central District of California pursuant to 28 U.S.C. § 1404.[3] Defendants note that Plaintiff filed the first of the twelve actions discussed above in the Central District of California. Defs.' Mem. ISO Mot. to Transfer ("Defs.' Transfer Mem.") at 2-3 [Doc. No. 16]; <u>see also</u> Decl. of Eileen B. Goldsmith ¶¶ 2-3, Ex. 1 [Doc. No. 16-1]. Defendants contend that to avoid the waste of judicial resources and the potential for conflicting rulings, the court should defer to the district court where an action was first filed. Defs.' Transfer Mem. at 1 [Doc. No. 16] (citing <u>TPM Holdings, Inc. v. Intra-Gold Industries, Inc.</u>, 91 F.3d 1, 4 (1st Cir. 1996)). Defendants assert that there are no reasons to decline to defer

---

[3] The court does not reach Defendants' alternative request that the court dismiss or stay this action pending the outcome of the similar case pending in the Central District of California.

to the court with the first-filed action where the actions are overwhelmingly similar and the first-filed forum was selected by Plaintiff.[4]

Under 28 U.S.C. § 1404, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Plaintiff does not disagree that the actions are substantially similar and should be before a single district court. Plaintiff also does not suggest that this case belongs in the District of Massachusetts. See Pl.'s Opp. to Mot. to Transfer at 2 [Doc. No. 26]. Plaintiff contends, however, that the appropriate forum is the Eastern District of Michigan, not the Central District of California. Plaintiff concedes that this case cannot be transferred under § 1404 to the Eastern District of Michigan where the defendant local unions have not consented to proceeding there. Id. at 11 n.8.

Accordingly, the court need not determine whether to apply the "first-filed rule." Where all parties agree that these proceedings should be before a single district court and Plaintiff has pointed to no other venue where proceedings may be transferred for consolidation under § 1404 absent Defendant UAW Local 422's waiver of venue, the court finds a transfer of the instant case to the Central District of California to be in the interest of justice. The court expresses no opinion as to whether the Panel should consolidate the twelve pending cases and transfer them to

---

[4] Defendants argue further that the case is most developed in the Central District of California and that the first-filed court should decide which forum is appropriate. Defs.' Transfer Mem. at 12 [Doc. No. 16]. But the fact that a motion for judgment on the pleadings is pending in the Central District of California case is simply the result of Defendants' decision to file it there and to file answers in the other cases. And the Central District of California is not in a position to decide in the first instance the § 1404 forum question, where there is no competing transfer motion filed in that case.

the Eastern District of Michigan as that § 1407 question is before the Panel and not this court. Accordingly, Defendants' Motion to Transfer Action [Doc. No. 15] to the Central District of California is GRANTED.

    IT IS SO ORDERED.

    January 28, 2025                                /s/ Indira Talwani
                                                            United States District Judge